# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　　Respondent,<br><br>　　　v.<br><br>AUSTIN PAUL HOYT,<br><br>　　　　　　　Appellant. | DIVISION ONE<br><br>No. 83016-3-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Austin Hoyt was convicted of felony violation of a no-contact order, domestic violence. Hoyt testified at trial that, when he contacted his grandmother in violation of the order, he was aware that the order existed but was uncertain whether it had expired. On appeal, Hoyt asserts that the evidence adduced at trial regarding whether he knowingly violated the order was insufficient to support his conviction. However, viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have determined that Hoyt knowingly violated the no-contact order. Accordingly, Hoyt's insufficiency of the evidence claim fails.

As an additional claim of error, Hoyt correctly asserts that the sentencing court erred in imposing community custody supervision fees. Thus, although we affirm Hoyt's conviction, we remand the cause to the superior court to strike the supervision fees from the judgment and sentence.

I

On September 24, 2020, Hoyt went to the home of his grandmother, Vicki Norris, and asked whether he could come in to take a shower and have something to eat. Although Norris allowed Hoyt to enter her home, she told him that she was going to "call[] the Sheriff" and that he was "not supposed to be [t]here." Indeed, a domestic violence no-contact order, entered on June 14, 2019, prohibited Hoyt from contacting Norris or coming within 1,000 feet of her home. The order, which expired two years from the date on which it was entered, was in effect in September 2020 when Hoyt went to his grandmother's home. Law enforcement officers responded to Norris's call, and Hoyt was arrested. Because Hoyt had twice previously been convicted for violating the provisions of a court order, he was charged with a felony violation of the no-contact order.

At Hoyt's jury trial, defense counsel questioned him regarding the no-contact order that prohibited him from contacting Norris. Specifically, defense counsel asked: "Did you think there was a no-contact order when you went to your grandma's house?" Hoyt testified: "No, I didn't. I didn't think – I was not sure. I didn't know." Hoyt further testified that he was present in court when the no-contact order was entered, that he had signed the no-contact order, and that he had received a copy of the no-contact order.

The jury found Hoyt guilty as charged. At sentencing, the trial court imposed a standard range sentence of 60 months of incarceration and 12 months of community custody. Hoyt appeals.

2

II

Hoyt contends that a constitutionally insufficient quantum of evidence was adduced at trial to support his conviction. This is so, he claims, because the State did not prove beyond a reasonable doubt that he knew of the existence of the no-contact order and knowingly violated one of its provisions. We disagree. Because a rational trier of fact could have found that Hoyt knew of the existence of the no-contact order and knowingly violated that order, sufficient evidence supports his conviction.

"After a verdict, the relevant question when reviewing a challenge to the sufficiency of the evidence is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" State v. Peters, 17 Wn. App. 2d 522, 534, 486 P.3d 925 (2021) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)), review denied, 198 Wn.2d 1014 (2021). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). We defer to the trier of fact "on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." State v. Thomas, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

A person is guilty of violation of a no-contact order when (1) a no-contact order applicable to the person exists, (2) the person knew of the existence of the order, and (3) the person knowingly violated a provision of the order. Former

3

RCW 26.50.110(1) (2020).[1]  Such a violation constitutes a felony if the defendant has at least two prior convictions for violating the provisions of a court order.[2]  Former RCW 26.50.110(5).  When, as here, knowledge is an element of a crime, "the jury must find actual knowledge but may make such a finding with circumstantial evidence."  State v. Allen, 182 Wn.2d 364, 374, 341 P.3d 268 (2015).  If a jury finds that a defendant had information that would lead a reasonable person in the same situation to believe that a fact existed, the jury may infer that the defendant had actual knowledge.  RCW 9A.08.010(b)(ii).

Here, the jury was presented with evidence that a no-contact order, in effect until June 14, 2021, prohibited Hoyt from contacting his grandmother or being within 1,000 feet of her home.  The jury was further presented with evidence that Hoyt knew that the no-contact order existed, that he was present in court when the order was entered, and that he had signed and received a copy of the order.  Finally, the jury was presented with evidence that Hoyt knowingly went to his grandmother's home on September 24, 2020, when the no-contact order remained in effect.  The jury further heard testimony that Hoyt's grandmother informed him, when he arrived at her home on that date, that she was going to call the police because he was "not supposed to be [t]here."

The jury was not required to credit Hoyt's testimony that he "didn't know" or "was not sure" whether the no-contact order remained in effect.  Indeed, the jury was permitted to find that Hoyt knowingly violated the no-contact order if it

---

[1] Repealed by Laws of 2021, ch. 215, §170, effective July 1, 2022.
[2] Hoyt stipulated that he had two prior convictions for violating the provisions of a court order.

determined that Hoyt had information that would lead a reasonable person in his situation to believe that the no-contact order was in effect on that date. RCW 9A.08.010(b)(ii). Determinations of credibility and persuasiveness of the evidence are within the jury's province and will not be disturbed on appeal. Thomas, 150 Wn.2d at 874-75. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have determined that Hoyt was aware that the no-contact order was in effect when he went to his grandmother's home and that he knowingly violated that order. Accordingly, sufficient evidence supports the jury's verdict convicting Hoyt of felony violation of a no-contact order, domestic violence.

III

Hoyt additionally contends that the sentencing court improperly imposed supervision fees as a condition of community custody. Community custody supervision fees are discretionary legal financial obligations (LFOs) that can be waived by the trial court. State v. Dillon, 12 Wn. App. 2d 133, 152, 456 P.3d 1199, review denied, 195 Wn.2d 1022 (2020). Discretionary costs may not be imposed on indigent defendants. State v. Ramirez, 191 Wn.2d 732, 739, 426 P.3d 714 (2018). Here, the record demonstrates that the trial court found Hoyt to be indigent at the time of sentencing and intended to impose only mandatory LFOs. The State concedes that the community custody supervision fees should be struck from the judgment and sentence. We agree and remand for that purpose.

Hoyt's conviction is affirmed.  The case is remanded to the superior court to strike the community custody supervision fees from the judgment and sentence.

_Dwyer, J._

WE CONCUR:

_Brennan, J._          _Mann, J._